IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | 8:07CV151 |
| | ) | |
| JOHN P. RAYNOR, | ) | BK04-83112 (Chapter 7) |
| | ) | Adv. No. A06-8105 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RICHARD D. MYERS, Trustee of the John | ) | **MEMORANDUM** |
| P. Raynor Chapter 7 Bankruptcy Estate, | ) | **AND ORDER** |
| | ) | |
| Appellee/Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| MAUREEN RAYNOR, | ) | |
| | ) | |
| Appellant/Defendant. | ) | |

This is an interlocutory appeal filed by the appellant/defendant, Maureen Raynor, from orders that were entered by the bankruptcy court denying her motion to dismiss the Trustee's adversary complaint and her motion for rehearing. Ms. Raynor has elected to have this appeal heard by the district court (filing 4). After briefing on the issue of whether this court has jurisdiction to entertain the appeal, and subsequent briefing on the merits of this appeal, this matter is now ripe for disposition. (Filing 13, Order Granting Leave to Appeal & Setting Briefing Schedule.)

### BACKGROUND

On September 13, 2004, John P. Raynor ("Debtor") filed a voluntary petition in the United States Bankruptcy Court for the District of Nebraska, seeking the entry of an order for relief under Chapter 11 of the United States Bankruptcy Code. (Filing 3-2, Docket Sheet from U.S. Bankruptcy Court, District of Nebraska, Case No.

BK04-83112.)  An order of relief was entered on September 13, 2004.[1]  On June 2, 2005, the bankruptcy court issued an order converting the case to a Chapter 7 proceeding, and the Trustee was appointed a day later. (*Id.*)  On September 13, 2006—the second anniversary of the Debtor's voluntary petition filed in bankruptcy court—the Trustee filed an adversary proceeding against Maureen Raynor, the wife of the Debtor, the purpose of which was to avoid alleged preferential transfers in violation of § 547 of the Bankruptcy Code, other transfers pursuant to § 544 of the Code and the Nebraska Uniform Fraudulent Transfer Act, and unauthorized post-petition transfers.  The Trustee's adversary complaint consisted of five causes of action—four involving alleged pre-petition transfers, and one involving alleged post-petition transfers. (Filing 155, U.S. Bankruptcy Court, District of Nebraska, Case No. BK04-83112; Filing 1, U.S. Bankruptcy Court, District of Nebraska, Case No. A06-8105.)

Maureen Raynor filed a motion to dismiss the adversary proceeding as untimely pursuant to the two-year statute of limitations, 11 U.S.C. § 546(a), which provides in relevant part:

> (a)  An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A)  2 years after the entry of the order for relief;

Ms. Raynor argued that the limitations period ran on September 12, 2006, and the adversary complaint was filed one day later, September 13, 2006, which was the second anniversary of the filing of Debtor's voluntary petition in bankruptcy court.

---

[1]"In a voluntary bankruptcy case, the date that the petition is filed is the date of the entry of an order for relief." 3 *Bankruptcy Litigation* § 16:49 (July 2007).

The bankruptcy court denied the motion to dismiss, finding:

> Based upon the statutory interpretation procedure identified as appropriate by the Eighth Circuit Court of Appeals, and based upon the expressed Congressional intent that 11 U.S.C. § 546(a)(1) is not jurisdictional, Rule 9006(a)[2] is properly applied in the computation of time that the Trustee must abide by when bringing an avoidance action. In this case, Rule 9006(a) would permit the Trustee to begin the count on the day following the petition date and end the count on the anniversary date of the petition filing. Following that counting procedure, the Trustee's filing of the complaint on September 13, 2006, is timely.

(Filing 15, U.S. Bankruptcy Court, District of Nebraska, Case No. A06-8105, Memorandum on Motion to Dismiss Adversary Proceeding at 4.) The bankruptcy court denied Ms. Raynor's motion to reconsider this ruling in a "text-only order." (*Id.*, Docket Sheet, Filing 20.) This appeal followed.

The parties agree that the question in this appeal is "whether the 'triggering event' commences the running of the two-year statute of limitations, or whether the

---

[2]Rule 9006, in relevant part, provides:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or *by any applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

*Id.* (italics added).

statute of limitations commences the day after the day of the 'triggering event'." (Filing 13, at 2.)

## DISCUSSION

"'When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error.'" *In re Falcon Products, Inc.*, 497 F.3d 838, 840-41 (quoting *In re Fairfield Pagosa, Inc.*, 97 F.3d 247, 252 (8th Cir. 1996)). After a de novo review of the bankruptcy court's legal findings, I shall deny Maureen Raynor's appeal from the bankruptcy court's orders denying her motion to dismiss the Trustee's adversary complaint and her motion for rehearing.

For the reasons thoroughly and clearly stated in Judge Mahoney's order denying Maureen Raynor's motion to dismiss, I agree that "if the Eighth Circuit Court of Appeals had before it the question of whether Rule 9006(a) should be applied to 11 U.S.C. § 546(a), it would first determine whether § 546(a) was jurisdictional or, alternatively, simply a statute of limitations.³ If it determined the statute was not jurisdictional, the counting would start per Rule 9006(a) on the day following the date the petition was filed, and end on the anniversary date of the petition filing," thus making the Trustee's adversary complaint timely.

I find that, if confronted with the issue in this appeal, the Eighth Circuit Court

---

³As explained in Judge Mahoney's order, the Eighth Circuit Court of Appeals has applied Fed. R. Civ. P. 6(a), a time-computation statute similar to Bankruptcy Rule 9006(a), when a statute of limitations was not jurisdictional because Fed. R. Civ. P. 82 prevents the use of the Rules of Civil Procedure to extend the jurisdiction of United States district courts. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) ("before determining whether we should apply Rule 6(a) to the one-year time limit in § 2255, we must first determine whether that time limit is jurisdictional").

4

of Appeals would align itself with the majority of courts that have addressed the applicability of Rule 9006(a) to 11 U.S.C. § 546(a) and the legislative history behind the 1994 amendments to § 546(a) to conclude that § 546(a) is not jurisdictional. *See In re Pugh*, 158 F.3d 530 (11th Cir. 1998) (limitations period in 11 U.S.C. § 546(a) is waivable statute of limitations subject to estoppel and equitable tolling, not jurisdictional bar); *In re General Creations, Inc.*, 343 B.R. 548 (Bankr. W.D. Va. 2006) (Bankruptcy Rule 9006(a) governs computation of time to take action prescribed by 11 U.S.C. § 546); *In re Art & Co., Inc.*, 179 B.R. 757 (Bankr. D. Mass. 1995) (Rule 9006 applies to computation of time in 11 U.S.C. § 546(a)); *In re Southern Technical College, Inc.*, 172 B.R. 253 (Bankr. E.D. Ark. 1994) (applying Rule 9006(a) to two-year limitations period in 11 U.S.C. § 546; finding that date on which bankruptcy petition was filed was excluded from two-year period in deciding whether avoidance proceeding was timely); *In re Sutera*, 157 B.R. 519, 523 (Bankr. D. Conn. 1993) (Rule 9006(a) is "applicable in full, and without exception, to all provisions of the Bankruptcy Code, and . . . Rule 9006(a) shall apply to Code § 546(a)"); *In re Amdura Corp.*, 142 B.R. 433, 435 (Bankr. D. Colo. 1992) ("an abundance of case law in other circuits" supports idea that Rule 9006(a) applies to calculation of two-year statute of limitations in 11 U.S.C. § 546(a); "Congress did not say that [Bankruptcy Rule 9006(a)] was to apply to statutes only if they were procedural or only if they did not confer jurisdiction. The rule is not so limited. The intent was that the rule apply to all applicable statutes. To find otherwise would require a determination that Congress did not mean what it said."). *See also* H.R. Rep. 103-835, P.L. 103-394, Bankruptcy Reform Act of 1994, *available at* 1994 WL 562232, at *50-51, or 1994 U.S.C.C.A.N. 3340, at 3358 (Oct. 4, 1994) ("Section-by-Section Analysis"; Discussion of Section 217, "Limitation of Avoiding Powers") ("This section clarifies section 546(a)(1) of the Bankruptcy Code . . . . The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding."); 2 Bankruptcy Desk Guide § 17:55 (Aug. 2007), *available at* Westlaw Database BDR-BDG § 17:55 (time limits in 11 U.S.C. § 546(a) were not intended to be jurisdictional, but a true statute of limitations;

"The Bankruptcy Rules provide that in computing any period of time prescribed or allowed by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run is not included . . . . This Rule has been applied to the computation of the limitations period in 11 U.S.C.A. § 546(a).").

Because 11 U.S.C. § 546(a) is not jurisdictional, the time-computation rules of Bankruptcy Rule 9006(a) apply,[4] and calculation of the limitations period in 11 U.S.C. § 546(a) would begin on the day following the date the petition was filed—September 14, 2004—and end on the anniversary date of the petition filing—September 13, 2006—making the Trustee's September 13, 2006, filing of the adversary proceeding against Maureen Raynor timely. Accordingly, I shall deny Maureen Raynor's appeal from the bankruptcy court's orders denying her motion to dismiss the Trustee's adversary complaint and her motion for rehearing.

IT IS ORDERED:

1. The appeal filed by defendant/appellant Maureen Raynor is denied;

2. The bankruptcy court's orders denying Maureen Raynor's motion to dismiss (Filing 15, U.S. Bankruptcy Court, District of Nebraska, Case No. A06-8105, Memorandum on Motion to Dismiss Adversary Proceeding ) and motion to reconsider (*Id.*, Docket Sheet, Filing 20) are affirmed;

3. Judgment shall be entered by separate document.

---

[4] One could convincingly argue that Rule 9006 applies—regardless of how 11 U.S.C. § 546(a) is characterized—because by its own terms, Rule 9006 applies to "any applicable statute."

6

November 21, 2007.                    BY THE COURT:
                                                      s/ *Richard G. Kopf*
                                                      United States District Judge